**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| CATHERINE COFFMAN, | ) Case No. |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT FOR VIOLATIONS OF** |
| | ) **THE FEDERAL SECURITIES LAWS** |
| RAYZEBIO, INC., RICHARD HEYMAN, | ) |
| TIM VAN HAUWERMEIREN, MAHA | ) **JURY TRIAL DEMANDED** |
| KATABI, YI LARSON, CHRISTY OLIGER, | ) |
| KEN SONG, MARY TAGLIAFERRI, and | ) |
| ANGIE YOU, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Catherine Coffman ("Plaintiff"), by and through her undersigned counsel, for her complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1. This is a stockholder action brought by Plaintiff against RayzeBio, Inc. ("RayzeBio" or the "Company") and the members of RayzeBio's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the Board's attempt to sell RayzeBio to Bristol-Myers Squibb Company ("Bristol-Myers Squibb") (the "Proposed Transaction").

2. On December 25, 2023, RayzeBio entered into an Agreement and Plan of Merger ("Merger Agreement") with Bristol-Myers Squibb and Bristol-Myers Squibb's wholly owned subsidiary, Rudolph Merger Sub Inc. ("Purchaser"). Pursuant to the terms of the Merger

Agreement, Bristol-Myers Squibb will acquire RayzeBio in exchange for $62.50 in cash for each share of RayzeBio common stock, via a tender offer (the "Tender Offer"). Pursuant to the Merger Agreement, Purchaser commenced the Tender Offer on January 25, 2024.

3. On January 25, 2024, the Board authorized the filing of the materially incomplete and misleading Schedule 14D-9 Solicitation/Recommendation Statement (the "Recommendation Statement") with the SEC. Specifically, the Recommendation Statement, which recommends that RayzeBio stockholders tender their shares in the Tender Offer, contains materially incomplete and misleading information concerning, among other things: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Centerview Partners LLC ("Centerview"); and (iii) potential conflicts of interest faced by Company insiders.

4. The failure to adequately disclose such material information constitutes a violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act as RayzeBio stockholders need such information in order to make a fully informed decision in connection with the Tender Offer.

5. The Tender Offer is currently scheduled to expire one minute following 11:59 p.m., Eastern Time, on February 22, 2024. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and RayzeBio's other shareholders to make an informed decision whether to tender their shares in the Tender Offer. Therefore, Plaintiff seeks to enjoin the expiration of the Tender Offer unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper under 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of RayzeBio common stock.

10. Defendant RayzeBio is a Delaware corporation, with its principal executive offices located at 5505 Morehouse Drive, Suite 300, San Diego, California 92121. RayzeBio's shares trade on the Nasdaq Global Market under the ticker symbol "RYZB."

11. Defendant Richard Heyman has been Chair of the Board and a director of the Company at all relevant times.

12. Defendant Tim Van Hauwermeiren has been a director of the Company at all relevant times.

13. Defendant Maha Katabi has been a director of the Company at all relevant times.

14. Defendant Yi Larson has been a director of the Company at all relevant times.

15. Defendant Christy Oliger has been a director of the Company at all relevant times.

16. Defendant Ken Song has been President, Chief Executive Officer and a director of the Company at all relevant times.

17. Defendant Mary Tagliaferri has been a director of the Company at all relevant times.

18. Defendant Angie You has been a director of the Company at all relevant times.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

20. RayzeBio develops radiopharmaceutical therapeutics for the treatment of various cancers. The Company's lead program, RYZ101, is in a Phase 3 clinical trial for the treatment of gasteroenteropancreatic neuroendocrine tumors. RayzeBio's pipeline also includes: (i) RYZ801, a novel proprietary peptide that targets GPC3 for delivery of Ac225 for the treatment of hepatocellular carcinoma; (ii) RYZ811, a paired diagnostic imaging agent with the peptide binder, chelator, and Ga68 as the radioisotope; and (iii) a novel proprietary small molecule that targets CA9 for delivery of Ac225 for the treatment of clear cell renal cell carcinoma.

**The Proposed Transaction**

21. On December 26, 2023, RayzeBio announced that it had entered into the Proposed Transaction, stating, in relevant part:

> PRINCETON, N.J. and SAN DIEGO, Dec. 26, 2023 (GLOBE NEWSWIRE) -- Bristol Myers Squibb (NYSE: BMY) and RayzeBio, Inc. (NASDAQ: RYZB) today announced a definitive merger agreement under which Bristol Myers Squibb will acquire RayzeBio for $62.50 per share in cash, for a total equity value of approximately $4.1 billion, or $3.6 billion net of estimated cash acquired. The transaction was unanimously approved by both the Bristol Myers Squibb and RayzeBio Boards of Directors.
>
> RayzeBio is a clinical-stage radiopharmaceutical therapeutics ("RPT") company with an innovation-leading position in actinium-based RPTs and a pipeline of potentially first-in-class and best-in-class drug development programs. Current pipeline programs are targeting the treatment of solid tumors, including gastroenteropancreatic neuroendocrine tumors (GEP-NETs), small cell lung cancer, hepatocellular carcinoma and other cancers. There remains a high, unmet need for more effective treatments in solid tumors, and RPTs enable a precision approach to patient treatment. RPTs bind to tumor cells and deliver targeted

4

radiation to induce cancer cell death. Actinium-based RPTs offer potential advantages over currently available RPTs since the high potency and short firing range of the alpha-emitter create the possibility for stronger efficacy and more targeted delivery.

"This transaction enhances our increasingly diversified oncology portfolio by bringing a differentiated platform and pipeline, and further strengthens our growth opportunities in the back half of the decade and beyond," said Christopher Boerner, Ph.D., Chief Executive Officer of Bristol Myers Squibb. "Radiopharmaceutical therapeutics are already transforming cancer care, and RayzeBio is at the forefront of pioneering the application of this novel modality. We look forward to supporting and accelerating RayzeBio's preclinical and clinical programs and advancing its highly innovative radiopharmaceutical platform."

"Acquiring RayzeBio's differentiated actinium-based radiopharmaceutical platform will establish Bristol Myers Squibb's presence in one of the most promising and fastest-growing new modalities for the treatment of patients with solid tumors – delivering radioactive payloads to cancer cells in a targeted manner," said Samit Hirawat, M.D., Executive Vice President, Chief Medical Officer, Drug Development of Bristol Myers Squibb. "In addition, RayzeBio's platform has the potential to be a significant IND engine, generating several therapeutic candidates in the future by leveraging our global drug development capabilities and infrastructure."

Ken Song, M.D., President and CEO of RayzeBio, said, "Despite therapeutic advances in recent years, the need for more effective treatments in solid tumors persists, and radiopharmaceutical therapeutics are positioned to be an important next wave of innovation in oncology therapy. Bristol Myers Squibb's well-established presence in oncology and deep expertise in developing, commercializing and manufacturing treatments on a global scale makes it the ideal partner for RayzeBio at this important moment in our evolution. I am excited to see what our team achieves as part of Bristol Myers Squibb."

RayzeBio's portfolio includes:

- *Lead program RYZ101 (225Ac-DOTATATE)*, targeting somatostatin receptor 2 (SSTR2), which is over-expressed in GEP-NETs and extensive stage small cell lung cancer (ES-SCLC). A Phase 3 clinical trial is currently enrolling patients to evaluate RYZ101 in patients with SSTR-positive GEP-NETs who have previously been treated with lutetium-177 based somatostatin therapies. RayzeBio previously reported the interim results of the Phase 1b portion of the ACTION-1 clinical trial, suggesting encouraging efficacy and tolerability. A Phase 1b clinical trial is also currently enrolling patients to evaluate RYZ101 as a first-line treatment of ES-SCLC in combination with standard-of-care therapy.

5

- *RYZ801*, RayzeBio's novel proprietary peptide targeting glypican-3 (GPC3) for delivery of actinium- based radioactivity for the treatment of hepatocellular carcinoma (HCC). RYZ801 is currently in IND-enabling studies.
- Pipeline also includes an asset targeting CA9, which is expressed in renal cell cancer and is currently in IND-enabling studies.
- Multiple first-in-class preclinical assets to treat solid tumors.

RayzeBio is completing construction of a state-of-the-art in-house manufacturing facility in Indianapolis, Indiana, and GMP drug production is expected to begin in the first half of 2024.

The transaction is expected to be treated as a business combination and to be dilutive to Bristol Myers Squibb's non-GAAP diluted earnings per share by approximately $0.13 in 2024. Bristol Myers Squibb expects to finance the acquisition with primarily new debt issuance. Bristol Myers Squibb's cash flows and strong financial profile enable continued commitment to strong investment-grade credit ratings and investment for growth through business development opportunities and distributions to shareholders through ongoing dividends and share repurchases.

**Transaction Terms and Financing**

Under the terms of the merger agreement, Bristol Myers Squibb will promptly commence a tender offer to acquire all of the outstanding shares of RayzeBio common stock at a price of $62.50 per share in an all-cash transaction for a total equity value of approximately $4.1 billion, or $3.6 billion net of estimated cash acquired. RayzeBio's Board of Directors unanimously recommends that RayzeBio's shareholders tender their shares in the tender offer.

The transaction is expected to close in the first half of 2024, subject to customary closing conditions, including the tender of a majority of the outstanding shares of RayzeBio's common stock and the expiration or termination of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976. Following the successful closing of the tender offer, Bristol Myers Squibb will acquire all remaining shares of RayzeBio that are not tendered into the tender offer through a second-step merger at the same price of $62.50 per share.

**Advisors**

BofA Securities, Inc., is serving as financial advisor to Bristol Myers Squibb, and Covington & Burling LLP is serving as legal counsel. Centerview Partners LLC is serving as financial advisor to RayzeBio, and Cooley LLP is serving as legal counsel.

**The Materially Incomplete and Misleading Recommendation Statement**

22.     On January 25, 2023, the Board caused to be filed a materially incomplete and misleading Recommendation Statement with the SEC.  The Recommendation Statement, which recommends that RayzeBio stockholders tender their shares in the Tender Offer, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning, among other things: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by Centerview; and (iii) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning RayzeBio's Financial Projections*

23.     The Recommendation Statement fails to disclose material information concerning Company management's financial projections for RayzeBio.

24.     For example, for the Company's risk-adjusted financial projections, the Recommendation Statement fails to disclose all line items underlying the Company's: (i) EBIT; and (ii) Unlevered Free Cash Flow.

25.     In addition, the Recommendation Statement fails to disclose a summary of the Company's non-risk-adjusted projections or a quantification of the risk-adjustments.  The Recommendation Statement similarly fails to disclose a quantification of the assumptions underlying the Company's projections, including with respect to "date of first commercial sale, probability of success, peak sales and loss of patent exclusivity for RayzeBio's product candidates, costs and expenses, general business, economic, competitive, regulatory and other market and financial conditions and other future events[.]"  Recommendation Statement at 23.

*Material Misrepresentations and/or Omissions Concerning Centerview's Financial Analyses*

26.     The Recommendation Statement also fails to disclose material information concerning Centerview's financial analyses.

27. With respect to Centerview's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose a quantification of: (i) the terminal values for the Company; (ii) the inputs and assumptions underlying the discount rates ranging from 12.5% to 14.5%; (iii) RayzeBio's estimated future losses; (iv) the estimated cost of an assumed $200 million equity raise in 2026; and (v) the Company's fully diluted outstanding shares used in the analysis.

28. With respect to Centerview's *Analyst Price Target Analysis*, the Recommendation Statement fails to disclose: (i) the individual price targets observed; and (ii) the sources thereof.

29. With respect to Centerview's *Precedent Premiums Paid Analysis*, the Recommendation Statement fails to disclose: (i) the identities of the transactions observed; and (ii) the individual premia for each transaction.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

30. The Recommendation Statement fails to disclose material information concerning potential conflicts of interest faced by Company insiders.

31. Specifically, the Recommendation Statement fails to disclose whether any of Bristol-Myers Squibb's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation. The Recommendation Statement also fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between RayzeBio directors and executive officers and Bristol-Myers Squibb, who participated in all such communications, when they occurred and their content.

32. In sum, the omission of the above-referenced information renders statements in the "Certain Financial Projections," "Opinion of Centerview Partners LLC," "Background of the Offer and the Merger," and "Arrangements between RayzeBio and its Executive Officers, Directors and

Affiliates" sections of the Recommendation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of RayzeBio will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder

33. Plaintiff repeats all previous allegations as if set forth in full.

34. Defendants have caused the Recommendation Statement to be issued with the intention of soliciting RayzeBio stockholders to tender their shares in the Tender Offer.

35. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

36. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

37. SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

38. Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

39. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

40. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

41. The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of RayzeBio, who will be deprived of their right to make an informed decision whether to tender their shares if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

42. Plaintiff repeats all previous allegations as if set forth in full.

43. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any

solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

44. Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement to RayzeBio stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. Specifically, the Recommendation Statement misrepresented and/or omitted material facts concerning the Company's financial projections, Centerview's financial analyses, and Company insiders' potential conflicts of interest.

45. Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender her shares pursuant to the Tender Offer.

46. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender her shares.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

47. Plaintiff repeats all previous allegations as if set forth in full.

48. The Individual Defendants acted as controlling persons of RayzeBio within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of RayzeBio, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

49. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

50. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Recommendation Statement.

51. In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Recommendation Statement purports to describe the various issues

and information that they reviewed and considered—descriptions the Company directors had input into.

52. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

53. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, RayzeBio stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of RayzeBio, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in RayzeBio with them from proceeding with, consummating, or closing the Proposed Transaction, including the expiration of the Tender Offer, unless and until defendants disclose the material information identified above which has been omitted from the Recommendation Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  February 5, 2024          **LONG LAW, PLLC**

                By  /s/ *Brian D. Long*
                  Brian D. Long (#4347)
                  3828 Kennett Pike, Suite 208
**OF COUNSEL:**            Wilmington, DE 19807
                  Telephone: (302) 729-9100
**ACOCELLI LAW, PLLC**        Email: BDLong@longlawde.com
Richard A. Acocelli
33 Flying RayzeBio Road, Suite 131     *Attorneys for Plaintiff*
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com